## JAMES D. STEWART *v.* E. S. BUCK et al.

**Executor — Final Account — Surcharging and Falsifying Same.**

> A final account of an executor which has been allowed should not be surcharged and falsified in a proceeding instituted under section 2075 of the Code of 1880, unless the evidence shows the decree allowing the final account was wrong.[1]

**Statute of Fraud — Parol Assignment of a Chose in Action.**

> A parol assignment of a half interest in a debt against an insolvent person, upon condition that assignee pay all costs incident to the collection of it, is valid and not within the statute of frauds.

**Same — Probating Claim.**

> Such claim is not one that is required or allowed to be probated against the estate of a deceased person.[2]

Mrs. F. M. Currier died testate in 1877, naming J. D. Stewart as executor of her will. Stewart filed his final account and

---

[1]
"Any person interested may, at any time within two years after final settlement, by bill or petition, open the account of any executor, administrator or guardian, and surcharge and falsify the same, and not after saving to minors and persons of unsound mind the same time after the removal of their disability; and such bills or petitions may be filed without leave of the

'asked to be discharged as executor; all the distributees of the estate were made parties and summoned to show cause why his final account should not be allowed and he be discharged. Exceptions were filed by some of the distributees to the account on the ground, among others, that all of the amount collected on a judgment against J. S. Hamilton in favor of testatrix should

court or chancellor, and evidence shall be admissible in such cases to show the 'falsity of the account; and such bills or petitions shall not be governed by the rules applicable to bills of review in chancery, but, in such cases, it shall be the duty of the court to correct any errors of law occurring in the final settlement of the executor, administrator, or guardian." Code of 1880, § 2075; Code of 1892, § 1960; Code of 1906, § 2136.

After a final decree has been passed, it will be highly improper for the court, even at the same term, to re-open it, on the *ex parte* petition of one of the parties, and make a second final decree, making a new allowance. Williams v. Williams, 43 Miss. 430.

The judgment of a court having jurisdiction of the subject-matter and parties is conclusive so long as not reversed; and cannot be attacked collaterally, however irregular and erroneous. This is true of a decree in favor of an administrator on final settlement. Moore v. Ware, 51 Miss. 206.

Although affirmed by this court, a decree making a final settlement of an estate and adjudging payment of all the assets to one who, though indebted to the estate, claims to hold a valid claim against it in excess of its assets, whereas, in fact, such claim was barred, will be vacated on a bill of review by the infant heirs and distributees, and the parties will be restored to their former positions. Vaughn v. Hudson, 59 Miss. 421.

On final account, an administrator is *prima facie* chargeable with the inventoried debts due the estate. In asking credits on account of uncollectible debts, the burden is upon him to show that he has used proper diligence, and has been unable to collect them. Furniture Co. v. Stiles, 60 Miss. 849.

An executor may make a note in his hands his own by charging himself in settlement with the full amount; and, if afterwards he recovers judgment on it for his own use and obtains a decree subjecting the debtor's land, which is sold thereunder and bought by him, another judgment creditor of the testator cannot maintain a bill to subject the land to his judgment on the ground that it is assets of the estate. Buie v. Pollock, 54 Miss. 9.

An administrator who has accounted for all the assets and obtained a decree in insolvency proceedings, is not further liable to account unless upon the suggestion that there are other assets to account for, as to which there has been no administration. State v. Bowen, 45 Miss. 347.

Where a final account and exceptions were considered, but no decree made, and next term there was entered, as of the former term, an order called a "final decree," which, assuming to pass on the exceptions and fix executors' allowances, ordered a restatement, and permitted exceptions, "the matter" to abide the filing thereof, there was no adjudication, and, on the hearing

have been charged up as belonging to the estate, instead of half, as was charged in the final account.

On this issue considerable testimony was heard, the executor claiming that he made an oral agreement with the testatrix in her lifetime that he was to have half of a claim that she had against Hamilton if he would pay all costs of collection, and that he brought suit on the claim and recovered judgment, and paid the court costs and attorney fees himself, and was, therefore, en-

---

of the restated account and exceptions, the chancellor erred in announcing that he should abide by his predecessor's rulings, except on production of new evidence. Coffee v. Ragsdale, 14 So. 454.

An administrator who has been formally discharged may be sued on a claim against his intestate which was duly probated, or of which he had notice, if it did not require probating, where he has assets in his hands, or has improperly distributed them. Barr v. Sullivan, 75 Miss. 536; 23 So. 772.

An assignment by delivery of a contract, not payable to bearer, is valid to convey an equitable interest. Byars v. Griffin, 31 Miss. 603.

So of an open account. Ashby v. Carr, 40 Miss. 64.

But a judgment cannot be assigned by delivery, since it is incapable of manual possession. Parker v. Bacon, 4 Cush. 425.

A promissory note not payable to bearer is assignable by delivery, so as to vest an equitable title in the assignee, who may sue on it at law in the name of the payee for his use; or he may maintain a suit in equity in his own name as equitable owner. Taylor v. Reese, 44 Miss. 89.

Upon the application of a complainant for execution on a decree, where defendant resists on the ground that the decree has been assigned to a third person, it is competent for complainant to introduce parol evidence to limit the operation of a written assignment. Defendant, not being a party to such assignment, is not concluded by its terms, and complainant has the same right to parol evidence that he would have. Rice v. Troup, 62 Miss. 186; Whitney v. Cowan, 55 Miss. 626.

"The assignee of any chose in action may sue for and recover the same, in his own name, if the assignment be in writing; and in case where the assignment is not in writing, and the original payee is dead, and there is no executor or administrator of the estate, suit may be brought in the name of the assignee. In case of a transfer of interest after suit is brought, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. No set-off or other defense existing at the time of, or before notice of, the assignment shall be prejudiced thereby." Code 1871, § 670.

"The assignee of any chose in action may sue for and recover the same, in his own name, if the assignment be in writing. In case of a transfer of interest after suit is brought, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. No set-off or other defense existing

titled to half of the amount collected under his agreement with the testatrix. The court overruled the objections, deciding that the executor was the owner of one-half of the judgment. A decree was rendered November 5, 1881, allowing the final account and finally discharging the executor.

Afterwards, on May 1, 1882, what is called a bill "in the nature of a review" was filed, to have the former final decree set aside and a rehearing, on these grounds:

1. "For manifest errors on the face of said proceedings and decree."

---

at the time of, or before notice of the assignment, shall be prejudiced thereby." Code of 1880, § 1507. See also Code of 1892, § 660; Code of 1906, § 717.

2

Liens of record and mortgages duly registered are considered always as in a state of presentation to the administrator of the mortgagor; and the statutory mortgage given to an administrator to secure sales of property made by him, though never registered, is notice to the administrator. Miller *v.* Helm, 2 S. & M. 687.

And so if the mortgage be regular and formal and actually recorded. Miller *v.* Jefferson College, 5 S. & M. 651.

An account on the books of a partnership against the deceased partner is not a claim against his estate, required to be probated and registered under section 2026, Code 1880; nor, before an accounting of the partnership assets, is it subject to the statute of limitations. Jones *v.* Warren, 70 Miss. 227; 14 So. 25.

The obligation of a surety on a guardian's bond is not such a demand as is required to be probated against the estate of the surety after his death. McWilliams *v.* Norfleet, 60 Miss. 987.

Where a dispute arises between a bank customer and the cashier as to whether certain money was delivered to the latter for deposit, and, pending a suit by the customer against the bank for the amount, the cashier dies, his contingent liability to reimburse the bank, on the ground that he has not paid in the money, being dependent upon the result of such suit, is not such a claim as is required by section 2028, Code of 1880, to be registered against his estate within one year after notice to creditors. Jones *v.* Bank, 71 Miss. 1023; 16 So. 344.

A right acquired by garnishment against a decedent in his lifetime, before judgment thereon, is a mere liability of his estate, and not within the meaning of section 2028, Code 1880, barring "all claims against the estate of a decedent," unless registered within one year from date of notice. Harris *v.* Hutcheson, 65 Miss. 9; 3 So. 34.

A will which expressly charges the estate of the testator, real and personal, with the payment of his debts, and invests the executor with the power to sell the whole or any part of the estate for the purpose of paying debts,

2. The decree is not sustained by the evidence.

3. And the complainants "are prepared to show by new testimony that the claim of Stewart is unfounded."

Stewart, in his answer, pleads the former decree in bar—as there was in the former proceeding identically the same issue now presented—that the decree was sustained by evidence, and the cause was well decided; denies there are any errors apparent on the face of the decree, and reaffirms his claim to one-half the judgment against Hamilton.

On this issue some additional proof was taken, and a decree was rendered, setting aside the former decree and holding that Stewart, the executor, was not entitled to any part of the judgment against Hamilton. From that decree Stewart appeals.

APPEALED from Chancery Court, Wilkinson county, H. S. VANEATON, Chancellor.

Reversed, March 5, 1883.

*Attorneys for appellant, W. P. and J. B. Harris.*

*Attorneys for appellee, R. Shotwell, and L. Brame.*

Brief of W. P. & J. B. Harris:
* * * Stewart could not be heard as a witness, but the contract is fully proved if the admissions of Mrs. Currier are com-

creates an express trust, and takes such debts out of the operation of the statute, which bars all claims against the estate not probated within twelve months after notice thereof. They are subject, if to any limitation, only to that of ten years under section 2696, Code of 1880, applicable to trusts not cognizable by courts of law. Abbay *v.* Hill, 64 Miss. 340; 1 So. 484.

Under Code of 1880, section 1037, providing that each stockholder shall be liable for the debts of the corporation created during his ownership of the stock to the amount unpaid on his stock subscription, and may be sued by any creditor of the corporation, and such liability shall continue for a year after transfer of the stock, a creditor of the corporation may sue the administrator of a stockholder, though the corporation had failed to register the note given for his stock subscription, under section 2028, providing that all claims against a decedent's estate shall be registered within a year of notice to creditors to present their claims, otherwise the same shall be barred. Robinette *v.* Starling, 72 Miss. 652; 18 So. 421.

A claim for damages is not within Code 1892, section 1933, providing that all claims against the estate of a decedent shall be probated, this referring to contractual claims only. Feld *v.* Borodofski, 40 So. 816.

petent and sufficient. Four witnesses prove that Mrs. Currier stated to them that she had, in consideration that James D. Stewart would pay all the expenses of suit against J. S. Hamilton, agreed to give him one-half the sum which might be realized. Hamilton at the time was insolvent. Nugent proves that Stewart employed him on his own account to bring the suit, and paid, explaining at the time why he did so, mentioning the agreement with Mrs. Currier. Nugent says: "Hamilton was then, to my knowledge, insolvent, and I told Stewart that it was useless to sue him." This was shortly before January, 1876. Mrs. Currier died in February, 1877.

The testimony, called new evidence, was irrelevant, but proves no fact whatever that contravenes the evidence on the first trial. There is no charge made in the form of exceptions to the account or in the bill of review charging fraud or undue influence in procuring the contract made between the testatrix in her lifetime and J. D. Stewart.

It was competent for Mrs. Currier by parol to assign a beneficial interest in the note or judgment to Stewart on a valuable consideration. Pass *v.* McRea, 36 Miss. 143; Ashby *v.* Carr, 40 Miss. 64; Taylor *v.* Reese, 44 Miss. 89; Byers *v.* Griffin, 31 Miss. 603.

There was delivery here of the note. No suspicion attaches to the contract. The debtor was insolvent at the time; Stewart took the risk of the debtor's capacity to acquire property in the future. Stewart performed the condition on which his right was to attach. "A party may become equitably entitled to the benefit of a contract without there having been any formal assignment or delivery to him." Field *v.* Weir, 28 Miss. 56; Whitney *v.* Cook, 53 Miss. 551.

No question can arise as to the validity of the contract assigning one-half the amount to be collected on the note to Stewart. The debtor was not affected by it; the judgment was in the name of Mrs. Currier for the whole amount; no one else has any right to complain. There never was any doubt that one may by assignment become equitably entitled to part of the money to be collected on a note or judgment.

The contract is not affected by the statute of frauds—both sides of it might be performed within one year. Besides it is an executed agreement.

The action of the court below seems to have been the result of a capricious change of mind in the chancellor. There is no legal proposition at all doubtful. There was no alteration of the facts by any subsequent proof. It certainly was never contemplated that a bill of review might be filed simply to enable the chancellor to change his mind or belief in the credit of witnesses.

The contract is free from champerty and maintenance. Mrs. Currier is the mother of Stewart. A son may maintain his mother in a suit. 4th Kent, 449, 450, notes a and b; Morris v. Henderson, 37 Miss. 505.

Brief of R. Shotwell:

We contend that the evidence in this case is wholly insufficient to support Colonel Stewart's claim to one-half of the Hamilton judgment. The conversation between Colonel Nugent and Colonel Stewart, wherein Colonel Nugent testifies about what the contract between Mrs. Currie and Stewart was, is wholly inadmissible, it not being shown that Mrs. Currie was present.

Leaving out then the deposition of Colonel Nugent, there is nothing in the proof to support the claim. All the other witnesses depose as to some contemplated agreement, or as to some proposition made by Mrs. Currier to Stewart, but nowhere state as to where and when Stewart accepted her proposition, or whether it was accepted at all. The acceptance of the proposition after Stewart had qualified as executor could avail him nothing, because by collecting the judgment he would then simply be doing what the law required him to do and what he had sworn to do under his oath when he qualified as executor.

We insist that the subsequent qualification as executor by Stewart, and his collecting the money on this judgment as executor, was a release of his claim to one-half of the judgment, if he ever had any valid claim to it. By the will of Mrs. Currier she disposes of all her property, real and personal, in a certain way, and Stewart took oath when he qualified as executor to carry out this will as executor. He came into possession and control of the judgment as such executor. "An executor who has taken possession of property as such cannot deny the property of his testator therein." Mangualt v. Deas, 1 Bailey (S. C.), Eq. 283; Floyd v. Massie, 4th Bibb. (Ky.), 427.

We insist that Stewart by qualifying as executor and taking oath, has made an election to abide by the will and to rescind the contract, if there was one, to act as attorney for the testator. He cannot be both executor to collect a claim and attorney at the same time in the collection of the claim.

The relations are inconsistent, and while the facts are not the same as in Whately v. Hughes, 53 Miss. 268, the principle is the same. The same public policy that would prevent him from taking a claim against an estate for which he is executor would prevent him also from occupying the double character of executor, and attorney for the collection of the claim and receiving fees in both capacities. The court will observe that Stewart in his final account has been allowed a credit of 3 per cent commissions on one-half of this Hamilton collection.

We insist further that Stewart's claim, whatever it may be, is nothing more than a claim against the estate of Mrs. Currier and should have been prohibited under section 1141, Code 1871.

The agreement being verbal, and in view of all the circumstances and the terms of contract, not admitting of performance according to its language and intention within a year from its making, it comes within the statute of frauds and is void. Brown on Statute of Frauds, §§ 273, 279.

Brief of L. Brame:

* * * We insist that the testimony offered by the executor in the court below was insufficient to support his claim to half this judgment. As against the estate of which he was trustee and the other legatees, it was incumbent upon him in asserting an adverse title to the extent of one-half interest in this judgment which stood in the name of the decedent to establish his claim by clear and undoubted proof. Except by his own statements to Colonel Nugent, it does not satisfactorily appear exactly what the agreement was between him and Mrs. Currier.

Besides, we submit that his claim to half of this judgment was incompatible with the duties which grew out of his relation as executor. So far from being authority for the position assumed by opposite counsel, we insist that the case of Davis v. Bowmar, 55 Miss. 671, is an authority in favor of appellees on this point. Here the chose in action *was reduced to possession by the trustee.* He asserted no title in respect to the judgment before qualifying

as executor, and when he accepted the trust, after having obtained possession of the property, it became his duty to administer it according to law and the terms of the will, by which he was to receive a certain proportion of the property as legatee, and commissions for his services as executor.

Only a portion of the judgment was collected by Stewart, yet he sets up a claim to half of the whole. According to the testimony of his own witness, the proposed arrangement with the decedent was that he was to have half of what he should *collect*.

\* \* \*

Brief of W. P. & J. B. Harris:

The brief filed by the counsel for the appellees has declared that outside of the matter of fact, there is something of incompatibility in accepting the executorship, and the assertion of this claim to one-half the judgment, which works an escoppel, or what shall be construed as a waiver of the interest under the contract with the testator. This view was presented in a much stronger case by one of the counsel for the appellants and the argument, and it only elicited this reply: "The claim is for a fractional interest in one chose in action alone, which has never come into the actual possession of the executor, and the whole spirit and reason of the rule ceases, and to enforce it would operate an injustice more intolerable than that which it was designed to prevent. In such case the executor could not maintain an action at law, any more than he could bring a suit at law upon a debt due to himself from the estate, but as he does not lose his debt by qualification, neither should he lose his partial interest in the chose in action." Davis *v.* Bowmar, 55 Miss. 785, citing Saunders *v.* Saunders, Exr., 2 Litt. Ky. 315; McWillie *v.* Vanvacter, 35 Miss. 428.

This decision put an end to the fancied distinction between a claim to part of an interest in the estate to be administered, and a debt due to the executor, as to any incompatibility between the function of trustee and claimant, or supposition of waiver. There is no pretense here that anybody was misled, or induced to act on representation or concealment.

We are quite unable to see how the healthy public policy declared in Whately *v.* Hughes, 53 Miss., and Spinks *v.* Davis, 52 Miss. 152, is offended by the contract between the mother and son,

or by the acceptance of the executorship. The interest of Stewart in the chose in action stimulated him in the effort to collect the debt, while it offered no obstacle to the adjustment of the matter in court as to the matter of commission, etc. *. *. *

OPINION.—CAMPBELL, C. J. :

This proceeding to "surcharge and falsify" the final account of the appellant as executor of Mrs. Currie, instituted by persons interested, as authorized by section 2075 of the Code of 1880, resulted in a decree charging the appellant with a sum of money which had been allowed to him after a contest in the settlement of his final account. The single question involved is this: Upon the whole case as presented by the evidence taken in the settlement of the final account, and in this proceeding to surcharge and falsify it, was it proper to allow the appellant credit for the sum in controversy, or should he be charged with said sum?

A careful examination of all the evidence has failed to suggest a satisfactory reason for changing the decree made in the settlement of the final account. It was then proven that by an agreement between the testatrix and the appellant he was to resort to legal proceedings to collect the claims at his own expense, and was to have half of his collections as his own, and that he employed counsel to bring suit upon the claim, and paid his charge for the service. There is in this proceeding no legal evidence to cast a doubt on the claim of appellant as established by the evidence in the final settlement. The only competent evidence in this proceeding (that of Mrs. Johnson), tends strongly to support the claim of the appellant as maintained in the decree made in the final settlement of his account. We have searched in vain for any evidence to authorize a change of the decree formerly made. There was no inconsistency in the position of the appellant as executor, and as claimant of one-half of the judgment in favor of his testatrix. His right was acquired in the lifetime of the testatrix, and was not impaired by his becoming executor. It was not necessary for the agreement by which the appellant became entitled to half of the proceeds of the claim to be in writing, nor was his claim to this half such a claim against the decedent as was required or allowed to be probated and registered.

*Decree last made reversed,* and first decree to stand as made.